IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHWAY CARTAGE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-2528 |
| | § | |
| SALVADOR AMAYA d/b/a AMAYA TRANSPORTATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER OF REMAND**

The plaintiff, Richway Cartage, Inc., sued Salvador Amaya d/b/a Amaya Transportation in Texas State Court. Richway alleged loss or damage to goods delivered by vessel to the Port of Houston. Amaya timely filed a notice of removal, but in the notice specified diversity of jurisdiction as the only basis for removal, citing 28 U.S.C. § 1332. Richway moved to remand, pointing out that the parties are not diverse—both are citizens of Texas— and the amount in controversy is less than $75,000. (Docket Entry No. 5). In response, Amaya acknowledges that the notice of removal was incorrect and that federal question jurisdiction is the proper, and only, basis for removal. Amaya argues that as soon as Richway moved to remand, it filed an amended notice of removal, correcting the error. Amaya alternatively argues that its original notice of removal sufficiently referred to federal question jurisdiction to make removal proper. (Docket Entry No. 8).

Generally, a defendant may remove a civil action brought in state court to a proper federal district court if that action meets the requirements of either § 1331 or § 1332. *See* 28 U.S.C. § 1441(a). This is done by filing a notice of removal in the district court for the district where the state court action is pending. 28 U.S.C. § 1446(a). The first paragraph of § 1446(b) states that if the

initial pleading states a removable claim, the defendant must file the notice of removal within 30 days of the receipt of that pleading. Before § 1446(b)'s 30-day period expires a defendant can freely amend its notice of removal. *See Richardson v. United Steel Workers of America*, 864 F.2d 1162, 1165 (5th Cir.1989), *cert. denied*, 495 U.S. 946, 110 S.Ct. 2204, 109 L.Ed.2d 531 (1990); *see also* 14C CHARLES ALAN WRIGHT *ET AL.*, FEDERAL PRACTICE AND PROCEDURE § 3733 (4th ed.2011). After the 30-day period has passed, the district court can grant the defendant's leave to amend its removal notice under 28 U.S.C. § 1653 to cure "technical defects." *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1258 n.5 (5th Cir.1988). Courts are very reluctant, however, to permit amending a notice of removal to add a new basis for federal jurisdiction. *See* 14C CHARLES ALAN WRIGHT *ET AL.*, FEDERAL PRACTICE AND PROCEDURE § 3733 (4th ed. 2011) ("In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations[.]"); *see also Davis v. Life Investors Insurance Company of America, Inc.*, 214 F.Supp.2d 691, 693 (S.D. Miss.2002) (citing cases from district courts across the country) (internal citations and quotations omitted). Courts generally refuse to allow amendments to the notice for removal that would assert new bases of federal jurisdiction when the new basis for removal existed during the initial 30-day period. *Davis*, 214 F.Supp.2d at 694.

In this case, both parties agree that the requirements for federal question jurisdiction under § 1331 are met. The parties dispute whether Amaya's notice of removal was timely under § 1446(b).

This case was clearly removable when the state court action was filed. The first paragraph of § 1446(b)—dealing with an initial pleading that sets forth a removable claim—applies. The original notice of removal identified a basis for removal that was not present. The amendment to

add federal question jurisdiction under 28 U.S.C. § 1331 as the basis of removal, remove any reference to diversity jurisdiction, and to add a new basis for jurisdiction based on 28 U.S.C. § 1445(b), was not filed within the 30-day window. The amended notice of removal adds a new basis of removal jurisdiction and does not merely correct a previously identified basis. It is untimely.

Amaya's argument that the originally filed notice of removal was sufficient to identify federal question jurisdiction as the basis for removal is unpersuasive. The reference to 28 U.S.C. § 1441 in the first paragraph of this first notice of removal is not sufficient to identify federal question jurisdiction. Section 1441 applies to removal based on both diversity of citizenship and federal question jurisdiction. The notice of removal stated, "[t]his action is being removed pursuant to federal diversity jurisdiction, provided for by 28 U.S.C. § 1332 and § 1441." (Docket Entry No. 1, ¶ 1). Because the amended notice of removal adds two new grounds for removal not stated in the original notice, and because the amended notice was filed after the 30-day window expired, the motion to remand must be granted.

This case is remanded to the 125th Judicial District Court of Harris County, Texas. The pending motions in this court are moot.

SIGNED on December 26, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge